# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODERICK WASHINGTON, | ) | 1:07-CV-01398 AWI SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| JOHN DOVEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 24, 2007, the instant petition for writ of habeas corpus was filed in this Court. Petitioner challenges two prison rules violation reports and a parole revocation proceeding. Respondent filed a motion to dismiss the petition on April 24, 2008, and Petitioner filed an opposition on May 29, 2008, along with other motions. On June 6, 2008, it came to the Court's attention that Petitioner has been paroled.

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478,

1  481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that
2  cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246,
3  92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227,
4  240-241, 57 S.Ct. 461, 463-464 (1937).

5  　　　The instant petition is moot because Petitioner has completed his prison sentence and has
6  been paroled to Los Angeles, California. Therefore, any challenge to his prison disciplinary
7  hearings is now moot, because the remedy - a restoration of time credits - would serve no
8  purpose. Likewise, there is no remedy now for his parole revocation challenge because Petitioner
9  has been paroled. Further, a presumption of collateral consequences does not apply to prison
10 disciplinary proceedings, and Petitioner has not alleged collateral consequences sufficient to
11 avoid dismissal on the ground of mootness. Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir.2003).

## RECOMMENDATION

13 　　　Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
14 mootness.

15 　　　This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,
16 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and
17 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
18 of California.  Within thirty (30) days after being served with a copy, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
21 shall be served and filed within ten (10) court days (plus three days if served by mail) after
22 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
23 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
24 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
25 F.2d 1153 (9th Cir. 1991).

26 IT IS SO ORDERED.

27 **Dated:    June 18, 2008**　　　　　　　　**/s/ Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
28